8478

NEVILLE BROS. v. KELLEY.

1. APPEAL—EXCEPTIONS.—Rule V of this Court is broad enough to include exceptions in cases of appeal from magistrate courts, and thereunder exceptions referring to other exceptions are forbidden.

2. ON APPEAL FROM MAGISTRATE COURT IN CLAIM AND DELIVERY based on a debt secured by a chattel mortgage, where the magistrate's jury finds for plaintiff the amount due on the debt, and the execution of the mortgage is not denied, the Circuit Court may enlarge the verdict by giving judgment for the possession of the property or its value and fix the value.

Before MEMMINGER, J., Oconee, March, 1912. Affirmed.

Action by Neville Bros. against J. R. Kelley in court of magistrate J. E. Hopkins. Defendant appeals.

*Mr. J. R. Earle,* for appellant, cites: *Verdict does not conform to law:* 29 S. C. 290; 42 S. C. 127; 66 S. C. 424.

*Mr. E. L. Herndon,* contra, cites: *Exception too general:* Rule V; 80 S. C. 312. *Circuit Court may give judgment on merits:* Code 1912, 407; 80 S. C. 522; 87 S. C. 560; 88 S. C. 60.

March 20, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This action was commenced in the magistrate's court in claim and delivery. The verdict was as follows:

"We find for plaintiff seventy-five dollars and interest from the date of paper and costs of said action. Signed, John Myers, Foreman."

From the judgment of the magistrate the defendant appealed to the Circuit Court on five exceptions. His Honor, Judge Memminger, heard the cause on appeal and rendered the following judgment:

"Upon hearing the appeal from the magistrate's court, in the above entitled action, it is the judgment of this Court, that the plaintiffs have judgment against the defendant for the possession of the property described in the plaintiffs' affidavit, or in case a delivery thereof cannot be had, for the sum of eighty dollars, the value thereof.

"It is further adjudged, that the amount due plaintiffs by the defendant, upon the chattel mortgage set out, in the complaint of the plaintiffs, is the sum of seventy-five dollars, with interest from the 29th day of October, 1908, as found by the jury on the trial, before the magistrate, and that the defendant have the right to pay said amount and costs as provided by law, and upon the payment of such amount and

costs, that the said property be discharged from the lien of the said chattel mortgage. (Signed) R. M. Memminger, Judge Presiding in Tenth Circuit. March 23, 1912."

The first exception is as follows:

I. "It was error for the Circuit Judge to overrule the exceptions and grounds of appeal from the magistrate's court and to refuse to grant a new trial to the defendant thereupon."

This exception is too general. Rule V of this Court requires, "An exception for the purpose of an appeal must contain a statement of the proposition of law or fact which it is desired to review." Reference to other exceptions in cases of masters and judges of probate are specifically forbidden. The general statement is broad enough to include and does include appeals from judgments in magistrate's courts, and this exception will not be considered.

The second exception is as follows:

II. "It was error for the Circuit Judge, upon hearing the appeal from the magistrate's court, to render judgment in favor of the plaintiffs against the defendant for the possession of the property described in the plaintiffs' affidavit, or in case a delivery thereof can not be had, for the sum of eighty dollars, the value thereof; because there is no finding or verdict of the jury upon which such a judgment can be based, the jury having found a verdict of seventy-five dollars against the defendant, which is not a lawful verdict and the only remedy should be a new trial."

This exception can not be sustained.

The plaintiff set up a chattel mortgage. Its efficacy depended on a debt. The jury found as a matter of fact that there was a debt. The execution of the mortgage was not denied. If, therefore, a debt existed, the plaintiffs were entitled to the property and ought to have had judgment for its possession. The Code, 407, provides: "Upon hearing the appeal, the appellate Court shall give judgment according

to the justice of the case without regard to technical errors and defects which do not affect the merits. In giving judgment the Court may affirm or reverse the judgment of the Court below, in whole or in part, and as to any or all the parties and for errors of law or fact." '

In *Goldstein* v. *Southern Ry.,* 80 S. C. 522, 61 S. E. 1007, the judgment was enlarged to meet the justice of the case. With the facts this Court has nothing to do. So far as this Court is concerned the defendant owes the plaintiffs the amount found by the magistrate's court and affirmed by the Circuit Court; the debt is secured by a mortgage and the title to the property is in plaintiffs and the Court ought to award the possession.

The judgment of this Court is that the judgment of the Circuit Court be, and the same is, affirmed.