## 10015

### WEBB *ET AL.* v. COOK.

#### (96 S. E. 290.)

1. APPEAL AND ERROR—EXCEPTION TO VERDICT—GENERALITY.—Exception, on appeal from judgment of county Court affirming judgment of magistrate, that the verdict is contrary to the law and evidence, is too general for consideration.

2. APPEAL AND ERROR—PRESUMPTION—INSTRUCTIONS.—The law stated to the jury not being reported, it must be assumed they were properly instructed.

3. APPEAL AND ERROR—REVIEW—VERDICT.—The Court on appeal is concluded by the verdict on conflicting evidence confirmed by the trial Court.

Before WHALEY, County Judge, Richland, March term, 1918. Appeal dismissed.

Proceeding by Amanda M. Webb and another against C. J. Cook. From the judgment of the County Court affirming the judgment of a magistrate for plaintiffs, defendant appeals.

*Messrs. J. Hughes Cooper* and *C. J. Colcock,* for appellant, submit: *That appellant's tenancy was from year to year and should have had a reasonable notice as to the termination of his tenancy:* 44 S. C. 460; 4 Rich. 23.

*Messrs. Melton & Belser,* for respondent, submit: *That appellant's tenancy was not a tenancy from year to year, but was for a fixed and definite term, expiring with 1917, and appellant was entitled to notice at all:* Code of Laws 1912, sec. 350; 44 S. C. 529; 60 S. C. 393.

July 5, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Webb is owner of a farm. Cook was tenant of the same in 1914, 1915, 1916 and 1917 under a separate parol contract made for each year. For the year 1918 Webb let the

farm to Meetze for a higher rent than Webb had paid, and so advised Cook on January 3, 1918. Cook refused to give up the possession, because he understood that he was entitled to 90 days' notice before January 1, 1918, from Webb that the tenancy should end on January 1, 1918. A magistrate proceeded under section 3509 of the Code of Laws to eject Cook. The defendant denied at the trial that he was holding over after the expiration of his lease, and demanded trial of the issues of fact by a jury. The jury decided "that the defendant was holding over after the expiration of his lease." Case, fol. 5. Judgment was entered by the magistrate for the plaintiff, and the County Court for Richland affirmed the judgment.

The case comes here on the second exception only, for the first exception is too general to be considered. The second exception charges (1) that the evidence showed that the tenancy was from year to year, and (2) that in such 1-3 a case the defendant was entitled to reasonable notice to quit. But the jury found that the tenancy was not from year to year, and we must assume on proper instructions.

The case does not report the law stated by the magistrate or by the County Court. We are concluded by the verdict of the jury, confirmed by the magistrate and by the County Court.

The appeal is dismissed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE HYDRICK. I concur in the result. We have held in several cases that, on appeal from a magistrate's Court, where the procedure is informal, an exception "that the verdict is contrary to the law and the evidence" is sufficient, and, therefore, I think it is sufficient to call for consideration in this case; especially as it was clearly intended to make the point that, under the evidence, the tenancy was

from year to year, as a matter of law, and, therefore, the judgment of eviction was wrong.   But the evidence as to the nature of the tenancy—whether from year to year, or by the year—was conflicting, and, therefore, we are bound by the judgment of the Court below.

MR. JUSTICE FRASER concurs with MR. JUSTICE HYDRICK.