### 11828

#### DuBOIS v. CARTER

#### (129 S. E., 137)

1. APPEAL AND ERROR—EXCEPTION HELD TOO GENERAL FOR CONSIDERA-
   TION.—Exception, that "Circuit Judge erred in affirming the verdict
   of the jury and the judgment of the Magistrate," *held* too general
   for consideration.

2. APPEAL AND ERROR—EXCEPTIONS, ARGUED ON APPEAL FROM MAGIS-
   TRATE TO CIRCUIT COURT, HELD NOT AVAILABLE UNDER GENERAL EX-
   CEPTION ON APPEAL FROM CIRCUIT COURT.—Exceptions, argued on
   appeal from Magistrate to Circuit Court, *held* not available to ap-
   pellant on appeal from Circuit Court under exception that "Circuit
   Judge erred in affirming the verdict of the jury and the judgment
   of the Magistrate."

3. APPEAL AND ERROR—CIRCUIT COURT'S REFUSAL TO CONSIDER EVIDENCE,
   AS TO DELIBERATIONS OF JURY AFTER TRIAL BEFORE MAGISTRATE, HELD
   NOT ERROR IN ABSENCE OF SHOWING OF ABUSE OF DISCRETION.—Re-
   fusal of Circuit Court, on appeal from Magistrate, to allow appellant
   to submit affidavits and to have witnesses examined to show what
   happened while the jury was deliberating, under exception that
   Magistrate erred in going into the jury room and discussing the
   case with the jury, *held* not ground for reversal, in absence of
   showing of abuse of discretion, notwithstanding Code Civ. Proc.,
   1922, § 11.

Before WILSON, J., Colleton, April, 1925. Appeal dis-
missed.

Action by C. B. DuBois against O. C. Carter. Judgment
for plaintiff, and defendant appeals.

*Messrs. Peurifoy & Smoak,* for appellant, cite: *Public
trial:* 75 S. C., 495; 75 S. C., 177; 123 S. C., 201. *Privi-
leges and immunities:* Const. of 1895, Art. I, Sec. 5. *Affi-
davits before Circuit Court on appeal from Magistrate:*
Code Civ. Proc. 1922, Secs. 669 and 670; 64 S. C., 224;
64 S. C., 408.

*Mr. Heber R. Padgett,* for respondent, cites: *Excep-
tions too general:* Rule Five of Supreme Court, Paragraph
6; 110 S. C., 231; 96 S. E., 290. *Prejudicial irregularity:*

103 S. E., 554.  *Affirmance of Magistrate's judgment without comment:* 106 S. C., 395; 91 S. E., 334.

September 3, 1925.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

The facts are stated in the report of the case by the Magistrate as follows:

"This case was tried before a jury, and it might be stated that the jury was composed of substantial citizens, who have lived with and known the defendant all of his life.  I refuse to grant a motion for a new trial, because it appears to me that substantial justice has been done.

"The plaintiff was a share cropper of the defendant, and there was a conflict of testimony between the parties as to the contract, and the custom of share cropping was allowed in evidence in order to clear the contract in the minds of the jury, so that they could arrive at what was actually the agreement between the parties.

"I did not enter the jury room for the purpose of discussing the case with them, but the foreman of the jury called me and asked for a paper, a part of the record.  In order to get to the jury I had to enter the door of the small house in which the jury were considering the case.  The foreman called me from a distance and was heard by ten (10) or fifteen (15) people, among whom were both the attorneys for the plaintiff and the defendant.  I gave the jury what they asked for and immediately withdrew from the room.

"I believe that defendant's counsel knows this to be true. All of which is respectfully submitted.

"P. K. Remley, Magistrate.

"Walterboro, S. C., December 2, 1924."

The appellant's exceptions, on appeal to the Circuit Court, were as follows:

"(1) Because the Magistrate erred in admitting the tes-

timony of plaintiff as to the custom of dividing crops made on shares, the error assigned being that the said testimony was irrelevant.

"(2) Because the Magistrate erred in refusing to grant defendant's motion for a nonsuit, upon the grounds that there was no competent testimony to prove plaintiff's case.

"(3) Because the Magistrate erred in refusing defendant's motion for a directed verdict, upon the ground there was not sufficient testimony to go to the jury.

"(4) Because the Magistrate erred in going into the jury room, and discussing the case with the jury, before they had reached a verdict.

"(5) Because the said verdict of the jury and judgment of the Magistrate was contrary to the law and the evidence."

The following order was made by his Honor, John S. Wilson, presiding Judge:

"This case comes up for hearing from Magistrate Court and, after hearing argument of counsel, it is ordered that the judgment and verdict be, and the same hereby is, confirmed.       John S. Wilson, Presiding Judge."

The appellant's exceptions, on appeal to this Court, are as follows:

"(1) Because the Circuit Judge erred in affirming the verdict of the jury and the judgment of the Magistrate.

"(2) Because the Circuit Judge erred in refusing to allow defendant to submit affidavits, and to have witnesses examined to show what happened while the jury was deliberating on the case, the error assigned being that the same was prejudicial to the rights of defendant and deprived defendant of the provisions of Section 11 of the Code of Civil Procedure, Volume 1."

The first of these exceptions is too general for consideration. *Webb v. Cook,* 110 S. C., 231; 96 S. E., 290. Furthermore, the appellant's attorneys have ar-

gued under this exception those that were argued on the appeal to the Circuit Court, which is not allowable.

We proceed to the consideration of the second exception. This exception cannot be sustained, as the appellant has failed to show that there was an abuse of discretion on the part of his Honor, the Circuit Judge.

Appeal dismissed.

MESSRS. JUSTICES WATTS, COTHRAN, and MARION, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.