12667

WASHINGTON v. MUSE ET AL.

(148 S. E., 227)

*Mr. Chas. E. Perry, Jr.,* for appellant,

*Mr. H. Klugh Purdy,* for respondent cites:

May 20, 1929.

The opinion of the Court was delivered by Mr. Justice Stabler.

It appears that the plaintiff, on April 7, 1928, filed in a Magistrate's Court in Jasper County an affidavit, alleging that the defendant Muse, while driving an automobile described in the affidavit along a highway in that county, negligently ran into plaintiff's horse, damaging his said property in the sum of $100. The plaintiff also filed a bond and petition for a warrant of attachment. The Magistrate then issued a summons, directing the defendant to appear and

answer on April 28, 1928, and a warrant, and the automobile was attached on that day. Later, on the same day, the defendant Muse filed with the Magistrate an undertaking and the car was released to him. On April 25, upon motion of the defendant, the Magistrate dissolved the attachment upon the ground that the copy of the affidavit served upon the defendant did not show that the affidavit had been sworn to before a notary public.

On April 26 the plaintiff filed a new bond and affidavit, and thereupon the Magistrate issued a new warrant of attachment and the car was again seized. The defendant Muse then appeared and filed another bond and the car was again released to him. Subsequently, on April 28, the defendant made a motion to dissolve the second attachment, which the Magistrate granted upon the ground that it was a proceeding in rem, and that, the respondent having had two days' notice to appear—that is, as required by the summons, April 28—the Magistrate had no jurisdiction because of insufficient notice.

The plaintiff appealed to the Court of Common Pleas from the Magistrate's order dated April 25, vacating the first attachment, and also from his order dated April 28, vacating the second attachment, exceptions being duly filed in each appeal. On May 26, the matter was heard by his Honor, Judge Johnson, who passed an order in each appeal affirming the judgment of the Magistrate. By way of appeal from the orders of Judge Johnson, the following appears in the record:

"Appellant appeals:

"1. From the order of the Hon. Court of Common Pleas affirming the order of the Magistrate which vacated an attachment under date of April 25, 1928.

"2. From the order of the Hon. Court of Common Pleas affirming the order of the Magistrate which vacated an attachment under date of April 28, 1928."

The record contains no exceptions or grounds of appeal from the Circuit Court—certainly the fore-going general statements cannot be so considered— and consequently there is no valid appeal to this Court.

The object of an exception is to present some distinct principle or question of law whch the appellant clams to have been violated by the Court from which the appeal is taken, and to present it in such form that it may be properly reviewed.

In *Norton v. Livingston,* 14 S. C., 177, the Court said: "The points of law wherein error is charged should be specifically stated in exceptions, otherwise the Court has no guide as to the points contested. * * * This Court is excluded from considering the sufficiency or insufficiency of evidence, or any other question except errors of law; and it is indispensable to the satisfactory discharge of their duty that these questions, submitted for their consideration, should be separately and distinctly stated."

Appellant's counsel has argued in his brief the exceptions to the orders of the Magistrate in the appeals taken to the Circuit Court, apparently on the assumption that the above-quoted statements from the record refer back to these exceptions. But even if this were the effect of such statements, which is not the case, it would not inure to the appellant's benefit.

In the case of *Neville Bros. v. Kelley,* 94 S. C., 112, 77 S. E., 743, which was an appeal from an order of the Circuit Judge sustaining the judgment of a Magistrate's Court, this Court held: "Reference to other exceptions in cases of Masters and Judges of Probate are specifically forbidden. The general statement is broad enough to include and does include appeals from judgments in Magistrate's Courts, and this exception will not be considered."

In *Du Bois v. Carter,* 132 S. C., 176, 129 S. E., 137, which was an appeal from an order of the Circuit Court affirming the judgment of a Magistrate's Court, we find

(quoting syllabus) : "Exceptions, argued on appeal from Magistrate to Circuit Court, held not available to appellant on appeal from Circuit Court under exception that 'Circuit Judge erred in affirming the verdict of the jury and the judgment of the Magistrate.' "

As there are no exceptions, there is nothing before this Court for consideration, and the appeal is dismissed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.