12693

TOWN OF BENNETTSVILLE v. GODBOLD ET AL.

(148 S. E., 710)

*Messrs. N. W. Edens,* and *Tison & Miller,* for appellants,

*Messrs. McColl & Stevenson,* for respondent.

July 1, 1929.

The opinion of the Court was delivered by Mr. Justice Carter.

The defendants, D. Cameron Godbold and Gustave D. Matheson, being charged with disorderly conduct, in violation of an ordinance of the Town of Bennettsville, were tried in the recorder's Court of said town, before the recorder and a jury, April 9, 1928, and having been convicted of said charge were duly sentenced by the recorder. From the verdict rendered and the sentence imposed the defendants appealed to the Court of general sessions of Marlboro County and the appeal was heard by his Honor, Judge Thos. J. Mauldin, who affirmed the judgment of the recorder's Court. From the order of Judge Mauldin, sustaining the recorder's Court, the defendants have appealed to this Court.

The defendants allege error as follows: "That his Honor, T. J. Mauldin, committed error in dismissing the appeal and overruling exceptions one to ten, inclusive, of the same."

The several allegations of error intended to be imputed to his Honor, Judge Mauldin, and relied upon in this Court to obtain a reversal of the order of Judge Mauldin, should have been fully set out under the exceptions presented to this Court, but waiving any question as to the failure to do this and considering the appeal on its merits, giving due con-

sideration to all questions raised before his Honor, Judge Mauldin, in our opinion the appeal cannot be sustained.

The first allegation of error urged before his Honor, Judge Mauldin, was as follows: "That the Recorder should have directed a verdict of not guilty, upon motion of counsel for defendants on the grounds that there was no evidence upon which to base a verdict of guilty."

In our opinion a discussion and review of the testimony in the case would serve no useful purpose, but we have examined all of the testimony, and after a most careful consideration of the same are of the opinion that there was ample evidence upon which to base a verdict of guilty.

As to the second alleged error presented to Judge Mauldin, namely, "That the Court committed error in refusing the motion for a new trial made by the attorneys for the defendants," no specific ground is stated upon which the motion for a new trial was based, and will therefore not be considered by this Court.

In the third exception urged before Judge Mauldin, the appellants contended, "That the sentence of the Court was excessive and consistent with the prejudiced attitude of the Court throughout the trial of the case."

It is not stated in the transcript of record what sentence was imposed, but granting that the recorder imposed a fine of $100, as stated in appellants' exceptions in their appeal from the recorder's Court, it does not follow that such fine was excessive. Furthermore, that is not a question that this Court can consider. We wish to state, also, that a study of the transcript convinces us that there is no ground for the charge that the recorder was prejudiced against the defendants.

In appellants' fourth exception to the recorder's Court presented to Judge Mauldin, it was charged, "That the sentence of the Court was disregardful of the recommendations of the jury." There is nothing in the transcript of record

upon which to base this charge, and no question is presented for the consideration of this Court.

The fifth allegation of error to the recorder's Court was as follows: "That the Recorder, Honorable B. B. Breeden, in his examination and cross examination of one of the witnesses for the town prejudiced the defendants by his tone of voice, his antagonistic manner and in the nature of his interrogations, in that he asked the witness if one of the accused did not say 'Look out, you will lose your —————'; whereas nothing had been said regarding such a remark, the witness answered the question in the negative, and the manner and question of the presiding officer of the Court was calculated, and in fact, did, prejudice the defendants in the eyes of the jury."

An examination of all of the testimony given in response to the questions asked by the recorder shows that the same could not be said to be prejudicial to the rights of the defendants. It was in favor of the defendants. As to the other matters, stated under this exception to the recorder's Court, we find nothing in the record to support the same.

The following was the sixth exception presented to Judge Mauldin: "That the record shows that there was no evidence of disorderly conduct on the part of the defendants, and that the jury considered the attitude of the Court in arriving at its verdict, and even then recommended 'leniency,' which recommendation was disregarded by the Court, who fined the defendants the maximum within his jurisdiction, to-wit One Hundred Dollars each."

This exception cannot be sustained for the reasons already stated herein.

In the seventh exception error is imputed to the recorder in charging the jury on the facts, to wit: "That the Court charged upon the facts as in his charge to the jury there is contained the following: 'One may go into your place of business and get into an argument with some of you gentlemen, get mad, and you invite him out

and he refuses to go, that would be disorderly conduct. The same would apply to the Playhouse Theatre. A party can be sitting in the Theatre and get to talking out loud and cause a disturbance, and that would be considered disorderly.' "

The state of facts mentioned by the recorder as constituting disorderly conduct had no connection with the state of facts proven against the defendants. The gravamen of the offense charged against the defendants, and which the testimony tended to establish, was that the defendants, on the occasion in question, the night of April 9, 1928, at the theater building in the Town of Bennettsville, S. C., tried to enter the dressing rooms of some college girls who were conducting a musical performance in said building. The testimony tends to show that the defendants were so insistent in carrying out their purpose that the lady in charge of these girls, and the program that was being rendered, sent for a policeman and had the defendants arrested during the performance. The recorder made no reference to these facts. We think his Honor, Judge Mauldin, properly overruled the exception.

The eighth exception presented to Judge Mauldin alleged: "That the Court failed to charge the jury that the town must prove the guilt of the defendants beyond a reasonable doubt."

In a recorder's Court, as in a Magistrate's Court, the question to be determined is not whether the technical rules of law and procedure were complied with, but was defendant given a fair trial, and was substantial justice done. By overruling this exception Judge Mauldin, in effect, held that the defendants got a fair trial and that substantial justice was done. We agree with his Honor, Judge Mauldin.

The ninth exception presented to Judge Mauldin was as follows: "That the Court defined disorderly conduct as follows: 'There are different ways that one can be disorderly. A party can be on the streets, cuss and

raise a row and be guilty of disorderly conduct. One may go into your place of business and get into an argument with some of you gentlemen, get mad, and you invite him out and he refuses to go, that would be disorderly conduct. The same would apply to the Playhouse Theatre. A party can be sitting in the Theatre and get to talking out loud and cause a disturbance, and that would be considered disorderly,' whereas, the legal definition of disorderly conduct is as follows: 'The term is usually held to embrace all such acts and conduct as are of a nature to corrupt the public morals or to outrage the sense of public decency, whether committed by words or acts.' "

For the reasons stated above, it is clear that the matters complained of under this exception were not prejudical to the defendants and, in our opinion, in no way affected the verdict.

The tenth exception is stated in the following language: "That the attitude of the Court during the conduct of the case and subsequent thereto was antagonistic in the extreme for the reasons hereinbefore stated, and in that the presiding officer read the Town Ordinance to the jury with the explanation that he wanted them to understand the sentence, which provided for a fine of from two dollars to one hundred dollars, and was calculated to cause the jury to feel that the Court would use reasonable judgment and discretion in the imposition of sentence, whereas, the extreme sentence was imposed."

For the reasons assigned above, in overruling the other exceptions charging prejudicial and unfair conduct on the part of the recorder, this exception was properly overruled by his Honor, Judge Mauldin.

The exceptions are overruled, and it is the judgment of this Court that the order of Judge Mauldin in affirming the judgment in the recorder's Court be, and the same is hereby, affirmed.

MESSRS. JUSTICES COTHRAN and BLEASE concur.

Mr. Chief Justice Watts did not participate.

Mr. Justice Stabler (concurring in result) : I think that the appeal in this case should be dismissed upon the authority of *Washington v. Muse*, 150 S. C., 414, 148 S. E., 227, and cases therein cited.

Mr. Acting Associate Justice Graydon concurs.