15167

STATE v. GLENN

(11 S. E. (2d), 859)

March, 1940.

*Mr. Hugh Beasley, Solicitor,* for appellant,

*Mr. Norman A. Harrison,* for respondent,

November 27, 1940.

The opinion of the Court was delivered by Mr. Justice Baker.

The respondent was tried in 1939 at the September term of the Court of General Sessions for Greenwood County, Honorable T. S. Sease, presiding Judge, under an indictment charging him with murder. The jury convicted him of manslaughter, and he was sentenced to servitude in the usual form for a period of twelve years.

Thereafter, the respondent moved before Honorable A. L. Gaston, the then presiding Judge in the Eighth Judicial Circuit, for an order granting him a new trial upon two grounds, as follows:

"1. That one of the jurors who sat on the trial of this case was not indifferent.

"2. That two witnesses for the State were unworthy of belief and that their reputation is bad."

Upon a hearing of the motion, supported by affidavits, and after due consideration, Judge Gaston passed an order granting respondent a new trial; and it is from this order that the State, as appellant, has undertaken to appeal.

Appellant's sole exception reads as follows: "That his Honor, A. L. Gaston, abused his discretion in granting a new trial in this case."

The respondent raises the issue that this exception does not meet the requirements of Section 6, Rule 4, of this Court, which is set out below: "Section 6. Each exception must contain a concise statement of one proposition of law or fact which this Court is asked to review, and the same assignment of error should not be repeated. Each excep-

tion must contain within itself a complete assignment of error, and a mere reference therein to any other exception then or previously taken, or request to charge will not be considered. The exceptions should not be long or argumentative in form."

"Abuse of discretion" is a "legal term to indicate that the appellate Court is simply of the opinion that there was commission of an error of law in the circumstances." *Poole v. Saxon Mills et al.,* 192 S. C., 339, 350, 6 S. E. (2d), 761, 765.

The exception when analyzed merely alleges that Judge Gaston committed error of law in granting respondent a new trial without specifying the error of which complaint is made. The rule above reproduced was no doubt adopted to meet just such a situation as now confronts the Court, for as was stated in *Washington v. Muse,* 150 S. C., 414, 417, 148 S. E., 227:

"The object of an exception is to present some distinct principle or question of law which the appellant claims to have been violated by the Court from which the appeal is taken, and to present it in such form that it may be properly reviewed.

"In *Norton v. Livingston,* 14 S. C., 177, the Court said: 'The points of law wherein error is charged should be specifically stated in exceptions, otherwise the Court has no guide as to the points contested. * * * This Court is excluded from considering the sufficiency or insufficiency of evidence, or any other question except errors of law; and it is indispensable to the satisfactory discharge of their duty that these questions, submitted for their consideration, should be separately and distinctly stated.'"

The appellant takes the position that under the holding in the case of *State v. Gregory et al.,* 171 S. C., 535, 172 S. E., 692, 695, the exception meets the requirements of the rule, but we do not think so. In that case the respondents took the position that the exceptions did not meet the requirements of the rule in that they did not charge an abuse

of discretion, or that the discretion exercised was based on an error of law. The appellant by exceptions charged error in the granting of a new trial, and then proceeded to set out in detail the grounds of the error. The Court in passing upon the sufficiency of the exceptions stated: "We construe the language of both exceptions, wherein, 'error' was charged, as meaning the error known to our practice in appeals of this character, that is, the erroneous exercise of the discretion of the Judge as a matter of law, or the erroneous abuse of the discretion committed to him, under the law, as to the facts before him. Accordingly, we entertain the exceptions."

In the instant case, the exception charged "abuse of discretion" without stating wherein error of law was committed, which is the direct opposite to the exceptions in the *Gregory case,* and is therefore within the rule and too general to be considered. The respondent having raised the issue, this Court is bound to take cognizance thereof.

As there is no exception, there is nothing before this Court for consideration, and the appeal is dismissed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.